UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

CIVIL ACTION NO. 08-129-GWU

JAMES D. BACK,                                                               PLAINTIFF,

VS.                              **MEMORANDUM OPINION**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

## INTRODUCTION

      James Back originally brought Back v. Apfel, Pikeville Civ. A. No. 99-246 (E.D. Ky), to obtain judicial review of an administrative decision terminating benefits originally awarded in May of 1994.  (Tr. 252-255).  After a period of administrative reconsideration prompted by the court's Memorandum Opinion, Order, and Judgment of June 16, 2000 (Tr. 441), the action was again brought to federal district court where it was before the Honorable David L. Bunning.  Back v. Barnhart, 04-02-DLB.  Judge Bunning reversed and remanded the action again on February 28, 2005.  Following yet another period of administrative reconsideration, the action is once more before the undersigned on cross-motions for summary judgment.

## APPLICABLE LAW

      Review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence.  Jones v. Secretary of Health and Human Services, 945 F.2d 1365, 1368-1369 (6th Cir.

1

08-129  James D. Back

1991); Crouch v. Secretary of Health and Human Services, 909 F.2d 852, 855 (6th Cir. 1990).  This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Crouch, 909 F.2d at 855.

The regulations outline a five-step analysis for evaluating disability claims. See 20 C.F.R. § 404.1520.

The step referring to the existence of a "severe" impairment has been held to be a de minimis hurdle in the disability determination process.  Murphy v. Secretary of Health and Human Services, 801 F.2d 182, 185 (6th Cir. 1986).  An impairment can be considered not severe only if it is a "slight abnormality that minimally affects work ability regardless of age, education, and experience." Farris v. Secretary of Health and Human Services, 773 F.2d 85, 90 (6th Cir. 1985). Essentially, the severity requirements may be used to weed out claims that are "totally groundless." Id., n.1.

Step four refers to the ability to return to one's past relevant category of work, the plaintiff is said to make out a prima facie case by proving that he or she is unable to return to work.  Cf. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).  Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national

economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. E.g., Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways for the Commissioner to perform this task is through the use of the medical vocational guidelines which appear at 20 C.F.R. Part 404, Subpart P, Appendix 2 and analyze factors such as residual functional capacity, age, education and work experience.

One of the residual functional capacity levels used in the guidelines, called "light" level work, involves lifting no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is listed in this category if it encompasses a great deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of activity must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b). "Sedentary work" is defined as having the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a).

However, when a claimant suffers from an impairment "that significantly diminishes his capacity to work, but does not manifest itself as a limitation on strength, for example, where a claimant suffers from a mental illness . . . manipulative restrictions . . . or heightened sensitivity to environmental

08-129 James D. Back

contaminants . . . rote application of the grid [guidelines] is inappropriate . . ." Abbott v. Sullivan, 905 F.2d 918, 926 (6th Cir. 1990). If this non-exertional impairment is significant, the Commissioner may still use the rules as a framework for decision-making, 20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(e); however, merely using the term "framework" in the text of the decision is insufficient, if a fair reading of the record reveals that the agency relied entirely on the grid. Ibid. In such cases, the agency may be required to consult a vocational specialist. Damron v. Secretary, 778 F.2d 279, 282 (6th Cir. 1985). Even then, substantial evidence to support the Commissioner's decision may be produced through reliance on this expert testimony only if the hypothetical question given to the expert accurately portrays the plaintiff's physical and mental impairments. Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The procedural history of this action is very long. The undersigned originally reversed and remanded this action in June of 2000 because the hypothetical question relied upon by the Administrative Law Judge (ALJ) did not fairly characterize Back's physical condition. Back v. Apfel, 99-0246 at p. 10. In particular, the hypothetical question was found not to have fairly characterized the physical restrictions identified by Dr. James Breeding, a treating source, in January of 1997. Back v. Apfel, 99-0246 at p. 10. Following the remand, a denial decision

08-129 James D. Back

was issued by an ALJ on January 24, 2001. (Tr. 441-448). This action was reversed and remanded by the Appeals Council on January 4, 2002. (Tr. 453-455). The basis for this reversal was the ALJ's failure to properly consider Dr. Breeding's September, 2000 mental and physical restrictions as well as a failure to properly consider the issue of the plaintiff's credibility. (Tr. 454). Yet another ALJ issued a denial decision on May 5, 2003. (Tr. 391-399). This was the denial decision reversed and remanded by Judge Bunning in February of 2005 because the ALJ failed to properly consider evidence after the expiration of the claimant's DIB-insured date. Back v. Barnhart, 04-02-DLB, slip op. at p. 8. Following this latest remand of the action, an ALJ issued the August 29, 2007 denial decision which is the subject of this third appeal to federal district court. (Tr. 649-657).

    In the current denial decision, the ALJ noted that the review of Back's disability status had been initiated because alcohol abuse had been found to be a material factor in the original award of disability benefits. (Tr. 649). Alcoholism is no longer a proper factor for consideration in disability cases as per Publ. L. 104-121. Apart from a history of alcoholism, the plaintiff was noted to suffer from obesity, depression, degenerative disc disease of the lumbar spine, borderline intelligence, and gout. (Tr. 652). In the absence of alcohol abuse, the claimant was found capable of performing a restricted range of light level work. (Tr. 653). While Back was found to be unable to return to his past work as a coal miner, other jobs

08-129  James D. Back

were found to remain available to one so limited.  (Tr. 655-656).  Since the available work constituted a significant number of jobs in the national economy, the plaintiff could not be considered totally disabled after January 1, 1997.  (Tr. 657).

After review of the evidence presented, the undersigned concludes that the administrative decision is still not supported by substantial evidence.  The current record also mandates an immediate award of Disability Insurance Benefits (DIB).

The hypothetical question presented to Vocational Expert Betty Hale included an exertional limitation to light level work, restricted from a full range by such non-exertional limitations as: (1) an inability to stand or walk for more than two hours in an eight-hour day; (2) an inability to sit for six hours a day; (3) a limited ability to push or pull with the upper and lower extremities; (4) an inability to ever climb ladders, ropes or scaffolds, balance, kneel and crouch; (5) an inability to more than occasionally climb ramps or stairs and stoop; (6) an inability to more than occasionally reach overhead; (7) a need to avoid exposure to whole body vibration, work at dangerous heights or around hazardous machinery; (8) a "satisfactory" ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, handle simple instructions, maintain personal appearance, behave in an emotionally stable manner, relate predictably in social situations, and demonstrate reliability; and (9) a "limited but not totally precluded

ability to handle complex and detailed instructions. (Tr. 769). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 770-771). The ALJ relied upon this testimony to support the administrative decision. (Tr. 656).

The ALJ erred in evaluating Back's physical condition. Dr. Breeding, a treating physician, identified a number of physical restrictions in January of 1997. The plaintiff was limited to light level work reduced from a full range by an inability to ever balance, stoop or crouch and an inability to more than occasionally climb, kneel, or crawl. (Tr. 355-356). Dr. Breeding went on to identify even more severe physical restrictions in September of 2000 with the claimant limited to less than a full range of sedentary level work. (Tr. 415-416). The ALJ rejected as binding the doctor's September, 2000 set of restrictions because he did not believe that they were well-supported by objective medical evidence. (Tr. 653-654). However, the ALJ did not address the January, 1997 restrictions. The ALJ appeared to believe that his findings were consistent with this assessment. (Tr. 655). However, Dr. Breeding indicated that the plaintiff would <u>never</u> be able to stoop while the ALJ found that this could be done occasionally. Social Security Ruling 85-15 indicates that some stooping is required in almost all types of work. Thus, this was a very significant limitation and needed to be addressed.

08-129  James D. Back

The administrative regulations at 20 C.F.R. § 404.1527(d)(2) require an ALJ to state the reasons for rejecting the opinion of a treating source and the agency's failure to follow its own procedural regulations can constitute reversible error. <u>Wilson v. Commissioner of Social Security</u>, 378 F.3d 541, 544 (6th Cir. 2004). Social Security Ruling 85-15 clearly indicates that this omission was not harmless error. Therefore, the administrative decision is not supported by substantial evidence.

As previously noted, this action has been pending since 1997. The plaintiff has now had to wait twelve years for resolution of this claim. Under these circumstances, yet another remand of the action for further consideration would be unjust. Therefore, the undersigned concludes that the claimant's disability should be found to have continued.

The most recent administrative denial decision only mentions Back's DIB claim. The plaintiff notes that he also filed a claim for Supplemental Security Income (SSI) in 1992. (Tr. 115-119). The original favorable decision issued by the administration in May of 1994 lists both DIB and SSI claims. (Tr. 252). However, the decision also mentions that SSI eligibility was subject to income and resource limitations which were still to be determined. (Tr. 255). The May, 2003 denial decision states that the claimant had been found ineligible for SSI and noted that only a DIB claim was pending. (Tr. 393). Since this was a termination case in

08-129  James D. Back

which an SSI claim was in question, the court finds that administration should redetermine Back's SSI eligibility status upon remand.

The undersigned concludes that the administrative decision must be reversed and remanded for an award of DIB and a redetermination of Back's SSI income and resource eligibility.  Therefore, the court must grant the plaintiff's summary judgment motion and deny that of the defendant.  A separate judgment and order will be entered simultaneously consistent with this opinion.

This the 8th day of July, 2009.

Signed By:

*G. Wix Unthank*

**United States Senior Judge**